PER CURIAM.
James F. Carter, a farmer from Jackson County, pleaded guilty on October 10, 1974 to the offense of assaulting an officer with a deadly weapon while engaged in his lawful duties. He was sentenced to imprisonment in the county jail for a term of three months, and fined $100. The jail sentence was to be served as follows: 45 days — 10 days release — and, the remainder of the sentence. Carter paid his fine, and on December 2 surrendered himself to the sheriff to begin serving his jail sentence. The sheriff told Carter to go back home, and he did.
Thereafter, on September 19, 1975, almost a year after his sentence, Carter was arrested under authority of an alias writ of arrest, by order of the trial court, charging him with the same offense that he had already pleaded guilty to. He was placed in the county jail. On October 7, the trial court denied Carter’s petition of habeas corpus filed October 1. He appealed to the Court of Criminal Appeals, and that court ordered bail set. The attorney general filed a motion to dismiss the appeal, alleging that the record was filed beyond the 30-day period, i. e., November 20, and that the transcript was not certified by the circuit judge. The appellate court granted the motion to dismiss the appeal January 20, 1976, notwithstanding Carter’s motion for relief under Rule 2(b), Alabama Rules of Appellate Procedure, requesting suspension of Rule 22’s requirement. Carter asserted that the judgment entry date on the denial of habeas corpus was “back dated” from November 18 to October 7, 1975, and that the trial judge refused to certify the transcript.
*593 After denial of his motion, Carter filed a writ of certiorari stating he had made a timely application for rehearing which was overruled. In his petition for writ of certio-rari, Carter alleges alternative grounds to correct the record to reflect the true date of the judgment entry, to reverse the order of dismissal, or to proceed to a decision on the merits of the case.
We suspend the rules, reverse the order of dismissal, and remand the case to the Court of Criminal Appeals for consideration of the merits.
RULES SUSPENDED.
REVERSED AND REMANDED.
HEFLIN, C. J., and BLOODWORTH, MADDOX, ALMON, SHORES and EM-BRY, JJ., concur.
FAULKNER, J., concurs specially.